a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SOHAIL KHAN, Petitioner | CIVIL ACTION NO. 1:19-CV-463-P |
| VERSUS | JUDGE DEE D. DRELL |
| WILLIAM P. BARR, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Sohail Khan ("Khan") (#055541278). Khan is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). Khan is being detained at the LaSalle Detention Center in Jena, Louisiana. Khan challenges his continued detention pending removal.

Because Khan cannot show there is no significant likelihood of his removal in the reasonably foreseeable future, his Petition (Doc. 1) should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Khan is a native and citizen of Pakistan who entered the United States as a lawful permanent resident. (Doc. 1-2, pp. 7, 12). Khan was convicted of simple rape in the Criminal District Court in Orleans Parish. (Doc. 1-2, p. 7). Khan was ordered removed, and he did not appeal. (Doc. 1-2, p. 12). Khan has since been detained for over six months.

In an exhibit attached to his Petition, Khan notes that DHS/ICE received his travel documents from the Pakistani Government in November 2018. (Doc. 1-2, p. 17). Khan states that he was scheduled for removal in December 2018, but the two officers accompanying Khan did not receive visas in time. (Doc. 1-2, pp. 17-18). Khan's removal was rescheduled for January 6, 2019. (Doc. 1-2, p. 18). According to Khan, he flew from Alexandria, Louisiana to Atlanta, Georgia and attempted to board his flight. Khan and the agents were told that the seats had been cancelled and money refunded to DHS/ICE. (Doc. 1-2, p. 18). Khan's travel documents expired on February 15, 2019. (Doc. 1-2, p. 18). Thus, Khan is awaiting the issuance of new travel documents.

II. <u>Law and Analysis</u>

Once a removal order becomes final, the Attorney General typically has 90 days to effect an alien's departure from the United States. 8 U.S.C. § 1231(a)(1); <u>Andrade v. Gonzales</u>, 459 F.3d 538, 543 (5th Cir. 2006). Aliens may be detained during the removal period. <u>See</u> 8 U.S.C. § 1231(a)(2). If the alien is not promptly deported within the removal period, he may be eligible for supervised release until removal can be accomplished. <u>See id.</u> at § 1231(a)(3). An alien may be detained beyond the removal period if he is a risk to the community or he is unlikely to comply with the removal order if released. <u>See id.</u> at § 1231(a) (6).

In <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), the Supreme Court held that the Constitution does not permit indefinite detention lasting beyond six months past the 90-day removal period. After the expiration of six months, an alien may seek his

release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701. The alien bears the burden of proof in showing that no such likelihood of removal exists. Id. If the alien makes this showing, the burden shifts to the government, which "must respond with evidence sufficient to rebut that showing." Id. Not every alien in custody will be entitled to automatic release after the expiration of the six-month period under the scheme announced in Zadvydas. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

Khan has not met his initial burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future. Khan shows that travel documents were issued by Pakistan. (Doc. 1-2, p. 17). Khan states that he was scheduled for removal in December 2018, but the two deportation officers accompanying Khan did not receive visas in time. (Doc. 1-2, pp. 17-18). Khan's deportation was rescheduled for January 6, 2019, but the flight was cancelled by the airline. (Doc. 1-2, p. 18). Although the travel documents expired, there is no reason to believe new travel documents will not be issued by Pakistan.

### III. Conclusion

Because Khan cannot show there is no significant likelihood of his removal in the reasonably foreseeable future, his Petition (Doc. 1) should be DENIED and DISMISSED WITH PREJUDICE.

3

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 18th day of April, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge

4